W. L. Countryman, Youngstown, for plaintiff in error.

Vern Thomas for defendant in error.

## JOHNSON v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 21, 1932

POLLOCK, J.

The only error complained of is in the charge, as we have said. The court charged the jury that the plaintiff had the burden of proving that the city knew of this nuisance in the street or that it had been there such a length of time that it should have known. It is claimed that it was admitted by the city in the trial that it had been there for twenty years and we presume they had known it. It is urged where a fact is admitted the court should not charge the jury that the burden is on the person upon which the burden of proof rests to prove it by a preponderance of the evidence, and we agree the court should not have charged the jury as he did do.

As was said, this case was tried as though the city was maintaining a nuisance. It is the duty of a city to maintain catch basins and other means and ways of taking care of surface water on the streets and there must be something more proven than the mere location and the condition surrounding the catch basin to make the city liable. It must be either out of repair or has become dangerous and known to the city before the city becomes liable. The city is the authority to locate and maintain these catch basins.

In the case of **City of Dayton v Taylor's Admr., 62 Oh St, 11,** in the first proposition of the syllabus it is said:

"The manner in which drainage may be accomplished, if at all, is peculiarly within the discretion of a municipal corporation, and it can not be called to account by the courts respecting its errors of judgment in the plans of a public improvement for drainage adopted by it. But after the construction of the improvement, when a defect dangerous to travel in a street, arising from such construction or the impairment thereof, is brought to the notice of the corporation, it becomes its ministerial duty, under the statute, to remove the defect, and a neglect or a refusal to remove the defect after such notice would make the corporation liable for an injury resulting therefrom."

Now, this case was tried on a different theory. We will refer further to what the court says in the opinion on page 15:

"The mere existence of the facts, that there was a sharp inclination of the ground to the catch basin for the distance of ten feet, that the opening at the curb had neither screen nor bars over it, and that the height of the curb from the bottom of the gutter to the top of the catch basin was 16 inches, does not constitute negligence; and there was no admission to show that these were not necessary conditions to the successful operation of the catch basin. Indeed, there was some testimony directly to the contrary. Yet, however these facts may be, appliances for drainage are necessary, and the manner in which drainage may be accomplished, if at all, is peculiarly within the discretion of the municipality, and it cannot be called to account by the courts respecting its errors of judgment in the plan of a public improvement."

Then they proceed:

"At least in Ohio, it cannot be doubted that if, after the construction of an improvement according to a plan and specifications adopted by the municipal authorities, notice should be brought home to the municipality that a street was not reasonably safe for use under ordinary circumstances, by reason of a faulty construction of the improvement, it would become a ministerial duty of the corporation to remove the defect, and a failure or refusal to do so after such notice, would make it liable to respond in damages for an injury resulting from the defect."

Unless something of this kind that is after its construction it had become dangerous to persons using the street and that

brought home to the notice of the city authorities and they do not attempt to remedy it, the city would become liable, but this catch basin had. been there twenty years. There had been some change five · or six years before as ·to the curbing, but there is no testimony that this catch basin had become out of repair; in fact, the evidence is the opposite, and that the declivity or lowering of the pavement was necessary. No testimony that the attention of the city was ever called to the catch basin, that· it was dangerous; in fact, no testimony that it was ever considered dangerous. No other person had ever stepped off the curb into this hole. We think notwithstanding the court should not have charged the way he did that from the record in this case there was no liability upon the city from maintaining the catch basin the way it was and the judgment is affirmed.

ROBERTS and FARR, JJ, concur.